CARR, APPELLEE, *v.* THE MARION MASONIC TEMPLE CO., APPELLANT.

(No. 965—Decided January 23, 1945.)

*Mr. Bernard C. Moloney* and *Messrs. Sandles, Elliott & Ashbaugh,* for appellee.

*Messrs. Carhart & Carhart,* for appellant.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion county, Ohio, in an action wherein Mary E. Carr, the appellee, was plaintiff, and The Marion Masonic Temple Company, appellant, was defendant.

The action is one on appeal to the Common Pleas Court from a finding of the Industrial Commission of Ohio made on the rehearing of the application of Mary E. Carr for compensation under the Workmen's Compensation Act, filed by her pursuant to the provisions of Section 1465-74, General Code.

In her petition the plaintiff alleged that at all times in the petition mentioned The Marion Masonic Temple Company was a corporation duly organized and existing under the laws of the state of Ohio; and that this cause came into the court on her appeal from an adverse order of the Industrial Commission, by virtue of the provisions of Section 1465-90, General Code of Ohio.

Plaintiff in her petition further said that, on or about the 27th day of October 1934, she was the lawfully wedded wife of Harry E. Carr, deceased, and was living with him at the time as his wife, totally dependent upon him for her support; and that on the 27th day of October 1934, while in the usual course of his employment for his employer, The Marion Masonic Temple Company, Harry E. Carr sustained injuries which resulted in his death the same date when he fell down an elevator shaft in the building of his employer and died as the result of a severe head injury at the base of the brain.

Plaintiff further said that, on or about the 27th day of October 1934, her husband, Harry E. Carr, was employed by The Marion Masonic Temple Company of Marion, Ohio, and that the company on such date had regularly in its employ three or more employees.

The plaintiff further said that the decedent, Harry E. Carr, was employed by the defendant as a janitor and worked at whatever job he was assigned from day to day or from hour to hour throughout the day's employment.

Plaintiff further said that the defendant was amenable to the Workmen's Compensation Act; that within the time required by law the plaintiff filed with the Industrial Commission her claim for compensation, in what is known as claim No. 5227-27, alleging the decedent's injuries in the course of his employment by the defendant; and that from time to time hearings were held on her case, and on the 12th day of July 1937 the order was made, "that the claim be disallowed on rehearing."

Plaintiff further said that within sixty days thereafter she filed her petition in the court.

Plaintiff prayed for a jury to try her right of action; for the finding of the court or jury in favor of her right to participate in the state insurance fund; for the payment of medical bills; that the court so certify such findings and verdict to the Industrial Commission to require the Industrial Commission thereupon to order compensation paid to this plaintiff in the manner provided by the Workmen's Compensation Act; and that such certification of the court shall be entered in the record of judgments of this court for the purpose of error proceedings or in lieu of final judgment in such case, all in accordance with Section 1465-90 of the General Code of Ohio, together with her costs herein expended, including a reasonable attorney fee as provided by law.

The defendant's answer to the petition is a general denial of the allegations thereof.

The cause was submitted to the Common Pleas Court upon the pleadings mentioned, a certified transcript of the proceedings by and before the Industrial Com-

mission and certain stipulations of counsel, which appear in the bill of exceptions of the trial had in the Common Pleas Court.

Upon trial, the jury returned a verdict in favor of the plaintiff, signed by eleven members of the jury, which, with caption and signatures omitted, is in the words and figures following:

"We, the jury, being duly impaneled and sworn, find upon the issues of this cause, that the plaintiff has a right to participate in the state insurance fund, and we do so render our verdict upon the concurrence of eleven members of our said jury that being three-fourths or more of our number. Each of us said jurors concurring in this verdict signs his name hereto this 24th day of November, 1942."

The defendant requested the court to submit seven separate interrogatories to the jury, to be returned with its verdict.

The court refused to submit interrogatories Nos. 3, 4 and 7, but submitted the other four interrogatories, Nos. 1, 2, 5 and 6, respectively.

The submitted interrogatories were answered by the members of the jury concurring in the general verdict and were returned with the general verdict.

The interrogatories submitted, and the answers thereto, are as follows:

"Interrogatory No. 1. How many regular employees or operatives had The Marion Masonic Temple Company at the time Harry Carr was injured? Answer: Three.

"Interrogatory No. 2. If you find that there were three or more regular employees or operatives of The Marion Masonic Temple Company in October, 1934, then name them. Answer: G. E. Waddell, Harry Carr and Milton McKenan.

"Interrogatory No. 5. If you find that Milton Mc-Kenan was one of the regular employees or operatives,

at the time Harry Carr was injured, then answer this question—Did he have a contract of hire express or implied with The Marion Masonic Temple Company? Answer: Implied.

"Interrogatory No. 6. If you find that Milton McKenan did have a contract of hire express or implied with The Marion Masonic Temple Company, then answer this question: What was the date of said contract? Answer: Eleven days before Harry Carr's death."

The interrogatories concerning which the appellant assigns error in the refusal of the court to submit, are as follows:

"Interrogatory No. 3. If you find that George Earl Waddell was one of the regular employees or operatives at the time Harry Carr was injured, then answer this question: Did George Earl Waddell do any manual labor for The Marion Masonic Temple Company?

"Interrogatory No. 4. If you find that George Earl Waddell was one of the regular employees or operatives of The Marion Masonic Temple Company at the time Harry Carr was injured, then answer this question: What manual labor did George Earl Waddell perform?"

Within the time limited by law the defendant filed its motion for new trial which was heard on the 25th day of January 1943, and the following judgment was entered:

"And this cause coming on further to be heard on the 25th day of January, 1943, on the motion for a new trial filed by the defendant herein, the same was submitted to the court upon the pleadings, briefs and argument of counsel for the respective parties hereto. Upon consideration whereof the court do find that said motion is not well taken and the same, therefore, is overruled, to which said defendant excepts.

"Wherefore, it is ordered, adjudged and decreed that the plaintiff herein, Mary E. Carr, has a right to participate in the state insurance fund of the state of Ohio by reason of the death of her husband, Harry Carr. Judgment is accordingly awarded to conform to said verdict, and the clerk of this court is directed to forward a certified copy of this finding to the Industrial Commission of Ohio.

"The court further finds that Bernard C. Moloney and Sandles, Elliott & Ashbaugh, attorneys for the plaintiff, are entitled to a fee from the workmen's compensation fund as provided by statute and the amount is fixed at 20% of the first $500 of such compensation as the commission may hereafter award in this case, and ten per cent (10%) of such sum as may be awarded in excess of $500, the entire fee not to exceed the maximum of $500 allowed by law, to all of which the defendant excepts."

From that judgment this appeal is taken.

Plaintiff's application for hearing and determination of compensation filed with the Industrial Commission was on a blank form prescribed by the Industrial Commission for the hearing and determination of compensation in cases where the employer had failed to comply with the section of the Workmen's Compensation Act, which, in the act of its enactment, was designated as Section 27, but is now designated as Section 1465-74 of the General Code.

In her application, the plaintiff, among other things, recited that she made application to the Industrial Commission of Ohio for the purpose of having determined the amount of compensation, to which she might be entitled under the provisions of the Workmen's Compensation Act on account of the death of Harry E. Carr (hereinafter referred to as decedent), in accordance with Section 27 of such act; and that in support of her application she submitted the following

statement of fact for the consideration of the commission:

"1. Deceased was employed at time of injury causing death, by Masonic Temple, Main and Church streets, Marion, Ohio.

"2. Prior to and at the time of said injury such employer employed three or more workmen or operatives regularly.

"3. Said employer was not on said date a subscriber to the state insurance fund as established under the provisions of said act.

"4. Said employer had not on such date elected to pay compensation direct, under the provisions of Section 22 of said act.

"5. Deceased received an injury in the course of employment on the 27th day of October, 1934.

"7. Said injury resulted in the death of deceased on the 27th day of October, 1934.

"8. I bear the relationship of wife to the deceased.

"9. I was wholly dependent on deceased for support at the time of his death.

"10. This application is made on behalf of myself and the following named persons who were also dependent on deceased for support:

| Name: | Age: | Relation to deceased: | Wholly or partially: |
|---|---|---|---|
| Ruth Carr | 11 years | Daughter | Wholly. |

"11. Neither myself nor any of the above mentioned persons have heretofore filed suit against said employer for damages on account of the death of the deceased."

At the beginning of the statement to the jury, counsel for the defendant made the following assertion as to the nature of the defense to the case:

"Ladies and gentlemen of the jury, and if the court please, our defense in this case is denying the fact that

there were three or more employees of the defendant company.''

At the time of the injury and death of Harry E. Carr, Section 1465-61, General Code (114 Ohio Laws, 28), provided in part as follows:

''The term 'employee,' 'workman' and 'operative' as used in this act, shall be construed to mean: * * *

''Every person in the service of any person, firm or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.''

There is no dispute in the evidence as to the fact that the decedent, Harry E. Carr, was in the service of the defendant company as a workman or operative in the capacity of custodian or janitor of the building maintained and operated by it in the city of Marion; that he was regularly employed in such business, in and about the same establishment, under a contract of hire; and that he sustained the injuries from which death resulted, in the course of his employment.

There is little, if any, conflict in the evidence as to the nature of the services rendered by G. E. Waddell. Such services consisted in being present at an office room in the building owned and maintained by the defendant; attending meetings and recording the proceedings of the board of directors of the defendant; collecting rents from the various Masonic bodies and other tenants, not Masonic bodies, having quarters in the building; leasing quarters in the building; and from time to time instructing the janitor or custodian of the building to get ready for use, paraphernalia required by the various Masonic bodies, occupying the

building, in the performance of their ritualistic work. The services were of such character that if Waddell was secretary of the corporation at the time they were rendered, they would be considered as rendered by him in the performance of his official duties and not in the capacity of a workman or operative employed by the defendant.

The evidence further shows that in addition to performing the services mentioned, Waddell acted in a secretarial capacity to the various Masonic bodies maintaining quarters in the building; collected the dues from the members of such bodies; and made himself available in an office room in the building at all times for the convenience of members of such bodies in paying dues and for transacting other business of the Masonic bodies.

The status of the evidence with reference to the services performed by Waddell is such that an inference might be drawn therefrom that the services rendered by Waddell with reference to instructing the custodian or janitor as to getting paraphernalia ready was performed in his capacity as a secretarial officer of the various Masonic bodies occupying the building, and a conflicting inference might be drawn that such services were rendered by him on behalf of the defendant, each of such inferences being equally deducible from the evidence.

There is also a conflict in the evidence as to the status of Waddell with reference to his employment by the defendant company. In one place in the bill of exceptions it is stipulated that he was secretary of the company, which is a corporation organized and existing under the laws of the state of Ohio, while in several other places in the bill of exceptions it is stipulated that he was secretary of the board of directors of the defendant company.

The office of secretary of a corporation is universally

recognized as an executive office and the incumbent thereof is recognized by law as an executive officer. On the other hand, the position of ''secretary to the board of directors'' of a corporation may or may not constitute an office of such corporation. If the articles of incorporation, bylaws and regulations so provide, such position constitutes an office. On the other hand, if the articles of incorporation, bylaws or regulations do not so provide, such position may constitute an employment by a corporation, not in an official capacity.

In this case neither the articles of incorporation, bylaws nor regulations are in evidence.

All the evidence on the subject tends to prove that the services performed by Milton McKenan were in assisting the janitor or custodian in the performance of his duties, and that the services were performed during a period of approximately eleven days preceding the death of Harry E. Carr.

There is a conflict in the evidence as to who employed McKenan, one witness testifying that Waddell had stated in her presence, after the death of Carr, that he employed him, and McKenan himself testified that he was employed by Harry Carr.

The evidence shows that neither the defendant nor Carr paid him anything for the services rendered by him.

Other than the inferences that may be drawn from the testimony that Waddell employed him, from evidence as to Waddell's status with respect to the company, and from the past conduct of the defendant with reference to the employment of an assistant to Carr; there is no evidence that the company employed McKenan or had any knowledge of his employment.

There is in evidence minutes of a meeting of the directors of the defendant company, held at Marion, Ohio, on November 7, 1933, the pertinent part of which is as follows:

"After talking on the matter of janitors with Harry Carr, Charles B. Schaffner moved to increase Mr. Carr's salary to $145 per month beginning November 1, 1933, and extending to May 1, 1934, with the understanding with Mr. Carr that he pay Frank Fisher $35 a month from November 1, 1933, to May 1, 1934, and after May 1, 1934, Mr. Carr's salary be reduced to the present amount of $120 per month. Motion seconded by Clarence Price. Vote on motion: Crawbaugh, yes; Price, yes; Schaffner, yes; Gracely, yes; Queen, yes; Carhart, yes; Zachman, yes."

There is also evidence that Fisher, mentioned in the resolution, worked as assistant to Carr from sometime in the fall of 1930 to May 1934, his employment being during the winter months of such years; that during the years 1931 and 1932 he was paid by the defendant company and after 1932 until May 1934 he was paid by Carr; and that, in the absence of Carr, Waddell instructed him in the performance of his duties.

There is also evidence that Waddell was at all the times hereinbefore mentioned secretarial officer of the various Masonic bodies occupying the building; that he was either secretary of the company or secretary to the board of directors of the company; and that Waddell died before the trial of this action.

The evidence also shows that Waddell received compensation at the rate of $400 per year for the services rendered by him to the defendant company and also received compensation in varying amounts from the various Masonic bodies he served in a secretarial capacity.

The appellant assigns error in the following particulars:

"1. The court erred in overruling defendant's motion when it objected to the introduction of any evidence at the beginning of the trial, for the reason that the court did not have jurisdiction of the subject mat-

ter and that the petition did not state facts sufficient to constitute a cause of action.

"2. The court erred in overruling the defendant's motion made at the time plaintiff rested her case, on the grounds that the trial court did not have jurisdiction of the subject matter and that the plaintiff had not introduced sufficient evidence to make out a case, or to obtain the relief prayed for.

"3. The court erred in overruling defendant's motion made at the conclusion of all the testimony, for the reason that the trial court did not have jurisdiction of the subject matter and the evidence conclusively showed that plaintiff was not entitled to the relief prayed for.

"4. The trial court erred in not submitting to the jury all of the evidence contained in the record from the Industrial Commission taken upon the rehearing of said matter before said commission.

"5. The trial court erred in its charge to the jury.

"6. The trial court erred in instructing the jury that George Earl Waddell, secretary of the defendant corporation, was an employee or workman, within the meaning of the workmen's compensation law, and thereby taking from the jury one of the factual issues in the case.

"7. The trial court erred in approving and ordering the clerk to journalize the final entry without submitting the same to the Attorney General of Ohio, as provided by Section 1465-90, General Code of Ohio.

"8. The trial court erred in refusing to submit to the jury interrogatories Nos. 3 and 4, which the defendant requested to be submitted before argument.

"9. The trial court erred in overruling defendant's motion for a new trial.

"10. That said judgment and verdict is contrary to law.

"11. That said judgment and verdict is contrary to the evidence.

"12. That said judgment and verdict is contrary to the weight of all of the evidence.

"13. The court erred in submitting this matter to the jury, for the reason that the evidence clearly showed the defendant company was not amenable to the workmen's compensation law as it did not have in its employ three or more workmen or operatives at the time plaintiff's deceased was injured and died.

"14. Other errors apparent upon the face of the records."

Assignment 1. Under the first assignment of error the appellant makes two general contentions:

a. The petition does not state facts sufficient to constitute a cause of action in that there is no allegation therein charging that the defendant company was not a subscriber to the workmen's compensation fund or a self-insurer.

b. As the relief sought by plaintiff is a finding of the court or jury in favor of her right to participate in the state insurance fund, the payment of medical bills, and for the certification of such finding and verdict to the Industrial Commission to require it thereupon to order compensation paid to plaintiff in the manner provided by the Workmen's Compensation Act, the subject matter of the action was such that the Common Pleas Court would have jurisdiction thereof only in the event the Industrial Commission was made a party defendant thereto, and, consequently, the Industrial Commission, not being made a party defendant to such action, the Common Pleas Court was without jurisdiction of the subject matter.

a. As shown by the above statement of facts, the plaintiff, in her application to the Industrial Commission for compensation, based her claim for compensation on the fact that the defendant, on the date that

Harry E. Carr sustained his injuries, was not a subscriber to the state insurance fund as established under the provisions of the Workmen's Compensation Act; and that the defendant had not, on such date, elected to pay compensation direct, under the provisions of the act. Plaintiff charged such matters as facts in her application.

"The trial in the Court of Common Pleas is in the nature of an appeal from the Industrial Commission. When the action is filed in the Court of Common Pleas the record of the evidence has already been made. The only purpose of the pleadings is to properly start the action, give due notice by summons to the defendant, whether it be the Industrial Commission or the employer, and to set forth concisely the character of the action involved. Since the only purpose of the trial in the Court of Common Pleas is to 'determine the right of the claimant to participate or to continue to participate in such fund' from the evidence contained in the transcript, the issue in reality has already been made. As set forth in Section 1465-90, General Code, the law has defined that issue to be the 'right of the claimant to participate or to continue to participate in such fund.' If there be questions relating to procedure or jurisdiction, which the defendant wishes to raise, timely objection by motion or other objection, should be made before the introduction of evidence." *Miles* v. *Electric Auto-Lite Co.*, 133 Ohio St., 613, 615, 15 N. E. (2d), 532.

If the defendant intended to make a defense on the issue raised by the application as to whether it was a subscriber to the workmen's compensation fund, it was its duty at the time of hearing before the Industrial Commission to have such defense incorporated in the record on the rehearing in order that by such transcript such defense might be considered by the

Common Pleas Court. *Miles* v. *Electric Auto-Lite Co.*, *supra*, 614.

Although the plaintiff in her petition did not specifically plead that the defendant company was not a subscriber to the workmen's compensation fund or a self-insurer, she did plead that the defendant was amenable to the workmen's compensation law.

Taking into consideration the nature of plaintiff's application for compensation and the fact that the action, under the provisions of Section 1465-90, General Code, was brought to charge the defendant with liability as an employer under the Workmen's Compensation Act, which would exist only in the event defendant was not a subscriber to the fund or a self-insurer, and considering the nature of an appeal to the Common Pleas Court from an order of the Industrial Commission, the nature of the issue to be determined on such appeal, the nature of the proceedings had before the Industrial Commission, as hereinbefore mentioned, and the liberal rules applicable to proceedings under the Workmen's Compensation Act, we are of the belief that such allegation, in the absence of a motion to make definite and certain, was sufficient to charge that the defendant company was not a subscriber to the workmen's compensation fund and was not a self-insurer.

For the reasons mentioned, the petition was not deficient in the respects claimed by the defendant in its contention under subdivision (a) of its first assignment of error.

b. Under the provisions of Section 1465-74, General Code, any employee whose employer had failed to comply with the provisions of Section 1465-69, General Code, with reference to the making of payments into the state insurance fund, may, in lieu of a civil action against the employer as provided in Section 1465-73, General Code, file his application with the

commission for compensation. In the event he files such application, Section 1465-74, General Code, prescribes that the commission shall hear and determine the same in like manner as in other claims and shall make such award to such claimant as he would be entitled to receive if such employer had complied with the provisions of Section 1465-69, General Code, and such employer shall pay such award in the manner and amount fixed thereby or shall furnish to the Industrial Commission a bond, in such an amount and with such sureties as the commission may require, to pay such employee such award in the manner and amount fixed thereby.

Section 1465-74, General Code, further prescribes that in the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto, or to furnish such bond, within a period of ten days after notification of such award, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the commission, and the commission shall certify the same to the Attorney General who shall forthwith institute a civil action against such employer, in the name of the state, for the collection of such award; and that the amount received in such action shall be paid into the state insurance fund.

Such section further prescribes that a final judgment against an employer, recovered in the manner provided therein, shall entitle the claimant to the compensation provided by the Workmen's Compensation Act for such injury, occupational disease or death, and such compensation shall be paid from the surplus created by Section 1465-54, General Code.

Where, pursuant to the provisions of Section 1465-90, General Code, an appeal is taken to the Common Pleas Court by a claimant from an order of the Industrial Commission denying right of claimant to receive

compensation claimed by him pursuant to the provisions of Section 1465-74, General Code, above mentioned, it is prescribed by the former section that the defendant in the action brought by the claimant on such appeal shall be the employer, and that the court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of claimant to participate or continue to participate in the fund upon the evidence contained in the transcript of the record of the rehearing of such claim by the Industrial Commission, certified to the court by the Industrial Commission pursuant to the provisions of the section.

Considering the provisions of the Workmen's Compensation Act as a whole, we believe it is clear that a finding of a court or jury, on such appeal, that the claimant has the right to participate in such fund, has the effect of authorizing the Industrial Commission to make such award to the claimant as he would be entitled to receive if such employer had complied with the provisions of Section 1465-69, General Code, which award shall be payable by the employer and enforceable against him in the manner prescribed in Section 1465-74, General Code, and, on final judgment against the employer on such award, shall be paid from the surplus created by Section 1465-54, General Code, all as prescribed in Section 1465-74, General Code.

For the reasons mentioned, the defendant was the proper party defendant to the petition, the subject matter of the action was within the jurisdiction of the Common Pleas Court and, consequently, appellant's contention, designated as subdivision (b) of assignment of error No. 1, is without merit.

Assignments 2 and 3. We will consider assignments 2 and 3 together as they involve the same general subject matter.

In both of these assignments the defendant makes

the same general contentions it makes in assignment
No. 1 which we have already considered and decided
contrary to defendant's contention.

The defendant makes further contentions to the ef-
fect that there was no evidence that the defendant was
a noncomplying employer within the meaning of the
Workmen's Compensation Act, and that there was no
evidence that the defendant had three or more work-
men or operatives in its employment at the time Harry
E. Carr sustained the injuries resulting in his death.

The evidence on the issue whether the defendant
was a noncomplying employer at the time mentioned
is indefinite, but counsel for the defendant, in their op-
ening statement on the trial of the cause in the Com-
mon Pleas Court, as noted in the foregoing statement
of facts, expressly limited the defense in this action
to a denial of the fact that there were three or more
employees of the defendant company. By so limiting
the defense they waived any other defense the de-
fendant may have had so that it is immaterial whether
the evidence tends to prove that the defendant was a
noncomplying employer.

In regard to the contention of the defendant that
there was no evidence tending to prove the employment
by it of three or more workmen, all the evidence tends
to prove the employment of the decedent, Harry E.
Carr, as a workman by the defendant, within the mean-
ing of the Workmen's Compensation Act.

The evidence with reference to the employment of
Waddell tends to prove the performance of services by
him for the defendant for hire which, if he was an of-
ficer of the company, are of a character that would be
solely attributable to the performance of his official
duties, but which, if he was not an officer, would consti-
tute services as a workman. As hereinbefore noted,
the evidence is conflicting as to the capacity in which
he was employed by defendant, so that the capacity

in which he was employed was, upon the record, a matter for determination by the jury.

With reference to the employment of McKenan, there were facts in evidence before the jury from which it would be warranted in inferring that he was employed as a workman by the defendant, and such evidence therefore presented a question for determination by the jury.

For the reasons mentioned, the court did not err in overruling the motion of the defendant, made at the close of plaintiff's evidence and renewed at the close of all the evidence, for a directed verdict in its favor, and assignments of error Nos. 2 and 3 are without merit.

Assignment 4. By the express acquiescence of counsel for defendant in some instances and by acquiescence implied from his silence in others, the court was permitted to state to the jury summations of certain facts in evidence as shown by the certified transcript of the proceedings on rehearing had before the commission, instead of submitting the case to the jury upon the transcript, as provided by statute. By such acquiescence and silence the defendant is precluded from claiming error as to this method of procedure, and this assignment is therefore without merit.

Assignment 5. Under this assignment of error the appellant contends that at its request the court, before argument, gave three special charges to the jury, and that in its general charge it gave instructions to the jury directly in conflict with the requested instrutions. Appellant further contends that the court in its general charge gave further erroneous instructions, which will be hereinafter mentioned.

We will not discuss the special charges given at defendant's request except to state that they were correct statements of law applicable to the facts in the case.

The instructions contained in the general charge, which the appellant contends are in conflict with these special charges, are as follows:

"Now the second question is this: Were these three employees of this defendant corporation at the time of this injury, not casual employees but regular employees?

"I say to you as a matter of law there were two. I say to you as a matter of law that the decedent Carr was an employee. I say to you as a matter of law that the secretary was an employee."

For the reasons mentioned in our discussion of assignments of error Nos. 2 and 3, the above instructions given in the general charge were erroneous, as, upon the evidence in the case, the issue whether Waddell was an employee or McKenan was an employee was a matter for determination by the jury and did not constitute a matter of law to be determined by the court.

The error in giving these instructions in the general charge requires the reversal of the judgment.

The other error complained of in the general charge is in the following instruction:

"There has been some argument here that there was an individual employer in this case. In other words, that any contract that might have been made or any third man that might have been on the premises was employed not by the defendant corporation, but by the decedent Carr. If you find that that was the arrangement to have a subterfuge and that in truth and fact from all the circumstances there was a third employee and that he was employed by Carr for the benefit of this defendant corporation, and that this was simply a subterfuge to cover up, then I say to you that the law requires you to find, if you do, I am not passing on the facts, I give you the law to cover the things you may find, if you do so find, then I say that you must find that there was an implied contract between this

defendant and the third party, and if you find as I said before, this man died as a result of injuries in the course of his employment, and that there were three persons then and there regularly employed by this company on the premises of The Marion Masonic Temple Company, then she is entitled to participate. The questions at issue she must establish by a preponderance of the evidence. If you find on either question I have submitted she has not established it they are not entitled to participate.''

Although there was evidence, including the resolution of the board of directors, as to the employment of Fisher, a previous assistant of Carr, from which the jury might properly infer that the employment of McKenan by Carr or by Waddell constituted an employment by the defendant company, there was no evidence of any subterfuge on the part of the defendant in the employment of McKenan, and that part of the instruction referred to intimating that the jury might find from the evidence that there was an arrangement to have a subterfuge, or that they might find that ''this was simply a subterfuge to cover up,'' was both erroneous and prejudicial. This error also requires reversal of the judgment.

Assignment 6. Under this assignment of error the appellant contends that the court erred in instructing the jury that Waddell was an employee or workman within the meaning of the workmen's compensation law. This matter was covered by the previous assignment of error in which we find that the court erred in the respect mentioned.

Assignment 7. This assignment is directed to the claimed error of the court in approving and ordering the clerk to journalize the final entry without submitting it to the Attorney General of Ohio, as provided in Section 1465-90, General Code of Ohio.

There is nothing in the record before this court

showing whether the journal entry mentioned was submitted to the Attorney General, so the court cannot consider this claimed error.

Assignment 8. This assignment is directed to the claimed error of the court in failing to submit interrogatories Nos. 3 and 4, mentioned in the statement of facts.

Interrogatories Nos. 3 and 4 were properly refused for the reason there was no issue in the case as to whether Waddell performed "manual" labor. The issue for determination by the jury was whether Waddell was employed in the service of the defendant company as a workman or operative as defined in Section 1465-61, General Code, above mentioned.

Assignment 9. This assignment is directed to the claimed error of the trial court in overruling defendant's motion for new trial.

This assignment of error is well taken as the court erred in the respects hereinbefore mentioned which were all assigned as grounds for a new trial.

Assignments 10, 11, 12 and 13. Assignments 10, 11, 12 and 13 will be considered together. There is substantial evidence tending to support the verdict and judgment rendered. The verdict and judgment are not contrary to law, in not being supported by any evidence, and are not contrary to the manifest weight of the evidence. The court did not err in submitting the case to the jury, except in the respects hereinbefore specifically mentioned.

Assignment 14. Under this assignment of error appellant does not specify or argue any errors, so this assignment will not be considered.

For the errors found, the judgment of the Common Pleas Court is reversed and the cause remanded for

a new trial and further proceedings according to law, at costs of appellee.

*Judgment reversed.*

JACKSON and MIDDLETON, JJ., concur.